UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW HAYNES BRYAN, :
    Petitioner :
: No. 1:17-CV-01179
v. :
: (Judge Kane)
CLAIRE DOLL, WARDEN, :
    Respondent :

**MEMORANDUM**

Before the Court is Petitioner Matthew Haynes Bryan's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention by the United States Department of Homeland Security, Immigration, and Customs Enforcement ("ICE"), at the York County Prison without a bond hearing (Doc. No. 1.) For the reasons stated herein, the petition will be granted insofar as Petitioner seeks an individualized bond hearing.

**I. BACKGROUND**

Petitioner is a citizen and native of Jamaica who entered the United States at an unknown location and unknown time around 1999, but was not then admitted or paroled at that time after inspection by an immigration officer. (Doc. No. 7. at 2.) Prior to that, on April 7, 1995, Petitioner was charged with illegal entry when he was encountered at the JFK Airport in New York. (Id.) On January 16, 2008, the Petitioner was arrested by the Pennsylvania State Police for a violation of the Controlled Substance, Drug, Device and Cosmetic Act. (Doc. No. 7-1 at 4.) On January 24, 2008, immigration officials issued a Notice to Appear, charging Petitioner as removable under the Immigration and Nationality Act ("INA"). (Id.)

An immigration judge granted Petitioner's motion for bond on March 4, 2008, and he was released from custody. (Id.) On January 7, 2014, Petitioner's immigration case was administratively closed. (Id. at 3.) Then, on June 29, 2015, Petitioner was convicted of

1

aggravated assault and sentenced to 11 months and 15 days- to 23 months' confinement.  (Id.) Removal proceedings were held on February 9, 2016.  (Id.)  Petitioner failed to appear for these proceedings and the immigration judge ordered Petitioner removed in absentia.  (Id.)  On August 16, 2015, ICE detained Bryan in Philadelphia and on October 5, 2016, Petitioner's immigration case was reopened, which negated the February 9, 2016 removal order entered in absentia.  (Id.)

Petitioner was also served with additional charges of inadmissibility/deportability charging him as removable due to his conviction of a crime involving moral turpitude – an aggravated felony.  (Id.)  On June 19, 2017, an immigration judge affirmed two prior immigration judges' findings of Petitioner's removal.  (Id. at 4.)  On July 18, 2017, Petitioner filed a notice of appeal to the Board of Immigration Appeals ("BIA").  (Id.)  His appeal is currently pending and Petitioner is scheduled for a merits hearing on September 1, 2017, to address his pending asylum application.  (Id.)

On July 3, 2017, Petitioner filed the instant petition for writ of habeas corpus seeking release under supervision or an individualized bond hearing, since he has been in the custody of ICE since August 16, 2016.  (Doc. No. 1.)  The Court issued an Order on July 19, 2017, directing Respondent to show cause as to why relief should not be granted.  (Doc. No. 4.)  The Government has responded to the petition (Doc. No. 7), conceding that Petitioner is entitled to an individualized bond hearing before an immigration judge due to the prolonged length of his detention.  See Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015); Demore v. Kim, 538 U.S. 510 (2003); Singh v. Sabol, No. 14-CV-1927, 2015 WL 3519075 (M.D. Pa. June 4, 2015).  The petition is now ripe for disposition.

II.     **DISCUSSION**

In the instant petition, Petitioner challenges the constitutionality of his prolonged detention without a bond hearing prior to the entry of a final order of removal. (Doc. No. 1.) Petitioner's detention is authorized pursuant to 8 U.S.C. § 1226(c), which requires the Attorney General to "take into custody any alien who . . . is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B).[1] Section 1226(c) requires mandatory pre-removal detention without bond of aliens convicted of certain enumerated offenses, including aggravated felonies.

The United States Court of Appeals for the Third Circuit in <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221, 221 (3d Cir. 2011), and more recently in <u>Chavez-Alvarez v. Warden York County Prison</u>, 783 F.3d 469, 475 (3d Cir. 2015), examined the constitutionality of prolonged detention under Section 1226(c) pending a final order of removal. In <u>Diop</u>, the Third Circuit recognized that Section 1226(c) "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community," and found that the petitioner's thirty-five month detention pending a final order of removal was unreasonably prolonged. 656 F.3d at 235. In <u>Chavez-Alvarez</u>, the Third Circuit expounded on the reasonableness approach, holding that in cases where a petitioner brings a good-faith challenge to his removal from the United States:

> [B]eginning sometime after the six-month timeframe considered by <u>Demore</u>, and certainly by the time [a petitioner] had been detained for one year, the burdens to

---

[1] There is no dispute that a final order of removal has not yet been entered with respect to Bryan's deportation proceedings, as his appeal before the BIA remains pending. (Doc. No. 7, Ex. 10); see 8 U.S.C. § 1231(B) ("The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final."). Accordingly, Bryan's detention falls within the ambit of § 1226(c).

[the petitioner]'s liberties outweigh [] any justification for using presumptions to detain him without bond to further the goals of the statute. We conclude that the underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner]'s continued detention was or is necessary.

783 F.3d at 478.

Accordingly, where a petitioner's detention extends beyond the six-month to one-year time frame, the reviewing court should order an individualized bond hearing to determine "whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop, 656 F.3d at 231; Chavez-Alvarez, 783 F.3d at 475. Moreover, at the individualized bond hearing, the "Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Diop, 656 F.3d at 233.

With the above framework in mind, it is evident that Petitioner has shown his is entitlement to an individualized bond hearing. The Court has no reason to suspect that Petitioner's legal challenge to this case is not presented in good faith. See Chavez-Alvarez, 783 F.3d at 478. Also, Petitioner's prolonged mandatory detention without a bond hearing has exceeded one year, at which point mandatory detention is presumed excessive. Id. at 478. Therefore, the Court concludes that Petitioner is entitled to an individualized bond hearing where the government will have the burden of demonstrating that continued detention is necessary to fulfill the purposes of Section 1226(c).[2]

---

[2] The Third Circuit noted that an immigration judge can, and often should, make an initial bond determination. Chavez-Alvarez, 783 F.3d at 478 n.12; see also Leslie v. Holder, 865 F. Supp. 2d 627, 631 (M.D. Pa. 2012) (providing that "deference . . . should be accorded in the first instance to agency decision-making processes."). Federal courts frequently defer to immigration judges under these circumstances, rather than conducting their own bond hearing. See, e.g., Casas-

## III. CONCLUSION

For the reasons set forth above, Petitioner Matthew Haynes Bryan's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be granted to the extent that Petitioner will be afforded an individualized bond hearing before an immigration judge. An appropriate Order follows.

---

Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008); Singh v. Sabol, No. 1:14-CV-1927, 2015 WL 3519075, at *6 (M.D. Pa. June 4, 2015). Accordingly, the Court will direct that Petitioner's individual bond hearing will be before an immigration judge, at which time the government will bear the burden of proving that Petitioner's continued detention is necessary.